**UPPER ST. CLAIR POLICE OFFICERS ASSOCIATION, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1996.
Decided Feb. 14, 1997.

Gary M. Lightman, Harrisburg, for petitioner.

Peter Lassi, Harrisburg, for respondent.

Mark J. Christman, Pittsburgh, for intervenor, Township of Upper St. Clair.

Before COLINS, President Judge, and DOYLE, J., and LORD, Senior Judge.

COLINS, President Judge.

Upper St. Clair Police Officers Association (Association) petitions for review of the final order of the Pennsylvania Labor Relations Board (PLRB) dismissing a charge of unfair labor practices against the Township of Upper St. Clair (Township) and rescinding the complaint issued thereon. For the reasons set forth below, we affirm the PLRB's holding that a public employer does not commit an unfair labor practice when it refuses to bargain over proposals for a prospective collective bargaining agreement, when those proposals would require the public employer to perform an act contrary to the law of this Commonwealth.

The Association represents the Township's police officers for purposes of collective bargaining. The Township is a home rule municipality.

On February 7, 1994, the Township's board of commissioners enacted an ordinance requesting the Allegheny County Department of Elections place on the ballot the following amendment to the Township's home rule charter:

> Civil service employees shall not be entitled to any pension benefits in excess of those permitted under the laws of the Commonwealth of Pennsylvania applicable to home rule municipalities and including but not limited to Act 600 of 1956 (1956, May 29, P.L. (1955) 1804; 53 P.S. § 769).

Proper procedure was followed, and the amendment (hereinafter "ordinance") was adopted by the voters. The election results were certified to Harrisburg on May 31, 1994.

It is undisputed that on May 26, 1994, while in collective bargaining for a new contract, the Township stated that it would not bargain over pension benefits that are con-

trary to Act 600.[1] An impasse resulted and the Association filed a charge of unfair labor practices with the PLRB on July 7, 1994, alleging that the Township violated Section 6(1)(a), (c), and (e) of the Pennsylvania Labor Relations Act (PLRA)[2] and Act 111.[3]

The Secretary of the PLRB (Secretary) determined that no complaint would be issued. The Association filed timely exceptions to the Secretary's order. Subsequently, the PLRB issued an order directing remand to the Secretary for further proceedings. On October 25, 1994, the Secretary issued a complaint and notice of hearing; the matter was assigned to a conciliator for the purpose of seeking resolution. When no resolution of the dispute was reached, a hearing was held.

To the hearing examiner, the Association argued that the Township committed an unfair labor practice in enacting the ordinance and subsequently refusing to bargain over pension benefits that were not consistent with Act 600. In a Proposed Decision and Order (PDO) issued June 20, 1995, the hearing examiner found that while the Township's enactment of the ordinance was not an unfair

labor practice within the meaning of Section 6(1)(c) of the PLRA and Act 111, the Township had committed an unfair labor practice within the meaning of Section 6(1)(a) and (e) of the PLRA and Act 111 by stating at a collective bargaining session with the Association that it would not bargain over pension benefits that are contrary to Act 600 (hereinafter "statement"). In reaching his conclusion, the hearing examiner relied exclusively on *Upper Chichester Township v. Pennsylvania Labor Relations Board,* 153 Pa.Cmwlth. 446, 621 A.2d 1134 (1993). Only the Township filed exceptions to the PDO.

■ The single issue before the PLRB was whether the Township's statement was an unfair labor practice. The PLRB concluded that it was not, and dismissed the charge of unfair practices and the complaint issued thereon. The Association filed a petition for review to this Court.

The question for review presented by the Association is whether the PLRB erred by vacating the hearing examiner's determination that the Township's refusal to bargain over pension benefits that exceed Act 600 was an unfair labor practice. The Associa-

1. The Act of May 29, 1956, P.L. (1955) 1804 (known as "Act 600" or "Police Pension Fund Act"), *as amended,* 53 P.S. §§ 767–778, provides in relevant part:

   Each borough, town and township of this Commonwealth maintaining a police force of three or more full-time members shall, and all other boroughs, towns or townships may, establish, by ordinance or resolution, a police pension fund or pension annuity....

2. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. § 211.6, provides in relevant part:

   **§ 211.6  Unfair labor practices**
   (1) It shall be an unfair labor practice for an employer -
   (a) To interfere with, restrain or coerce employes in the exercise of the rights guaranteed in this act.

   \*　　\*　　\*　　\*　　\*　　\*

   (c) By discrimination in regard to hire or tenure of employment, or any term or condition of employment to encourage or discourage membership in any labor organization: Provided, That nothing in this act, or in any agreement approved or prescribed thereunder, or in any other statute of this Commonwealth, shall preclude an employer from making an agreement with a labor organization (not established, maintained or assisted by any action defined in this act as an unfair labor practice) to require,

as a condition of employment, membership therein, if such labor organization is the representative of the employes, as provided in section (a) of this act, in the appropriate collective bargaining unit covered by such agreement when made and if such labor organization does not deny membership in its organization to a person or persons who are employes of the employer at the time of the making of such agreement, provided such employe was not employed in violation of any previously existing agreement with said labor organization.

   \*　　\*　　\*　　\*　　\*　　\*

   (e) To refuse to bargain collectively with the representatives of his employes, subject to the provisions of section (a) of this act.
   43  P.S. § 211.6(a), (c), (e).

3. Section 1 of the Act of June 24, 1968, P.L. 237 (known as "Act 111" or "Collective Bargaining by Policemen and Firemen Act"), 43 P.S. § 217.1, states in relevant part:

   Policemen ... employed by a political subdivision of the Commonwealth ... shall have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits.

tion argues that passage of the ordinance was illegal because it was a self-imposed restriction on the Township's duty to collectively bargain with police officers. Therefore, reasons the Association, the Township's refusal to bargain over pension benefits in excess of Act 600 is not legally justified.

■ The PLRB asserts that subsumed within the Association's question presented is an attack on the hearing examiner's determination that passage of the ordinance did not constitute an unfair labor practice. The PLRB contends that the Association waived this argument by failing to raise it by way of exceptions to the PDO. We agree. The hearing examiner determined that passage of the ordinance did not constitute an unfair labor practice, and the Association failed to except to that finding, rendering the issue not preserved for appeal. This court is precluded from considering issues not properly preserved for appeal. Pa. R.A.P. 1551; 2 Pa.C.S. § 703. Accordingly, we will not consider the merits of the Association's argument that the ordinance was illegal.

■ The second and principal argument of the Association focuses on whether the PLRB erred in concluding that the Township's statement did not constitute an unfair labor practice. This is a question of law fully reviewable by this Court.[4] In support of this contention, the Association argues that the PLRB's reliance on *Cheltenham Township v. Cheltenham Township Police Department,* 11 Pa.Cmwlth. 348, 312 A.2d 835 (1973), was in error and that *Upper Chichester Township* is the controlling law on this point. After reviewing both cases and related case law, we are constrained to disagree.

In *Upper Chichester Township,* the township attempted to repudiate the terms of an existing collective bargaining agreement by claiming the terms were violative of Act 600; however, in *Cheltenham Township* the issue was whether the practice of transporting policemen to and from work "was a bargainable issue as one of 'other benefits' within the

meaning of the Act." *Id.* 312 A.2d at 839. In analyzing these cases, of significance is that *Upper Chichester Township* impacted on an existing collective bargaining agreement, whereas *Cheltenham Township* was prospective, *i.e.,* it impacted on agreements not yet reached. Thus, what distinguishes the two cases is whether the employer's position seeks to affect existing contractual rights of employees, or, seeks to affect future contractual benefits of employees.

■ A public employer cannot repudiate the existing terms of a collective bargaining agreement by asserting, after an agreement has been reached, that it will not fulfill the conditions of the agreement because the agreement is contrary to law. *Cheltenham Township. See also Fraternal Order of Police, E.B. Jermyn Lodge # 2 v. Hickey,* 499 Pa. 194, 452 A.2d 1005 (1982); *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh,* 481 Pa. 66, 391 A.2d 1318 (1978); *Grottenthaler v. Pennsylvania State Police,* 488 Pa. 19, 410 A.2d 806 (1980).

■ When an employer postulates that it will not include in future bargaining sessions issues contrary to law, such a posture does not constitute an unfair labor practice; instead it is consistent with the law of this Commonwealth. *Cheltenham Township.* In the case *sub judice* the PLRB concluded that the Township's statement impacted on a future collective bargaining agreement; hence it was prospective in form. We therefore conclude, *Upper Chichester Township* does not control the issue at hand, because here there is no charge that the Township seeks to change or modify the existing pension plan(s), nor does the Township seek to change or modify the existing collective bargaining agreement. Instead, the Township has adopted a position regarding future collective bargaining agreements. Thus, the subject of whether pension benefits may exceed those permitted under Act 600 was a new subject for the collective bargaining process. Therefore, we, like the PLRB, con-

---

4. This Court's scope of review is limited to determining whether there was a constitutional violation or an error of law, and whether the PLRB's necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Pennsylvania*

*State Troopers' Association v. Pennsylvania Labor Relations Board,* 671 A.2d 1183 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 545 Pa. 657, 680 A.2d 1164 (1996).

clude *Cheltenham Township* is applicable to the case *sub judice.*

In *Cheltenham Township* this Court concluded:

> [T]here must be excluded from the scope of the Act [111] and necessarily outside the definition of bargainable issues, any subject which would require the government employer to perform any duty or take some action which is specifically or impliedly prohibited by the statutory law governing its affairs. Such subjects are of course, equally beyond the scope of an arbitration award.

*Id.* 312 A.2d at 838.

After reviewing the relevant cases it is apparent that, to date, the case law in this area has been limited to a determination of whether a particular matter is properly a subject of an arbitration award and whether the public employer may repudiate existing terms of a collective bargaining agreement. In this case however there are no specific benefits the Association seeks that the Township has refused to grant. Instead, the sole issue is whether the Township's statement constitutes an unfair labor practice. We conclude it does not and are quite cognizant of the Association's failure to submit to this Court a decision requiring municipalities to submit to collective bargaining terms or conditions of employment that are not permitted under the statutory laws of this Commonwealth.

We as public employees must be mindful of the fact that while our employment position is similar to that of a private sector employee, it is not identical. The public employer is governed by statutory law, and the benefits and conditions of employment that flow to the public employee are mainly determined by the General Assembly. What President Judge Bowman wrote in 1974 remains true today: "[p]ublic employers are in many respects more limited in what they may do vis-a-vis their employees, and those limitations must be maintained." *Cheltenham Township*, 312 A.2d at 837. Accordingly, we affirm the order of the PLRB.

## *ORDER*

AND NOW, this 14th day of February, 1997, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is affirmed.