**John R. LEE and Wallace J. Szott, Appellants,**

**v.**

**MUNICIPALITY OF BETHEL PARK and the Bethel Park Police Retirement Pension Plan Committee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1998.

Decided Jan. 13, 1999.

James N. Perich, Pittsburgh, for appellants.

Robert L. McTierman, Pittsburgh, for appellee.

Before DOYLE, J., KELLEY, J., and NARICK, Senior Judge.

DOYLE, Judge.

John Lee and Wallace Szott appeal from an order of the Court of Common Pleas of Allegheny County which sustained the pre-liminary objections of the Municipality of Bethel Park and the Bethel Park Police Retirement Pension Plan Committee (collectively, Bethel Park), thus dismissing their action for a declaratory judgment.

Lee and Szott are both retired Bethel Park Police Officers. Szott retired in 1987 after working for 37 years, and Lee resigned in 1989 after serving 18 years to take another position. During their times of service as officers, each contributed to the Bethel Park Police Retirement Pension Fund (Fund).

In 1991, Bethel Park and the police officers' bargaining unit began negotiations to reach a new collective bargaining agreement under Act 111.[1] During the negotiations, however, the parties reached an impasse with regard to several issues, one of which was a claim by the police officers that their pension fund was overfunded. That issue, along with several others not before the Court, was submitted to an Act 111 interest arbitration panel pursuant to Section 4 of Act 111, 43 P.S. §217.4.[2]

On February 13, 1991, the arbitration panel entered an award which specifically provided that "the pension contributions made by **all present members** prior to January 1, 1991, shall be refunded to the members with interest." The arbitration panel concluded that this course of action was necessary because the pension fund not only was actuarially sound, but was overfunded. It is undisputed that, on the day of the award, neither Lee nor Szott were current members of the Bethel Park police force. At the time of the award, Lee's pension had vested, and Szott was already receiving his pension. Neither Bethel Park nor the police union challenged the award.[3]

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§217.1–.10 (commonly referred to as "Act 111").

2. Section 4 of Act 111 provides, in relevant part, as follows:

   If in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches an impasse and stalemate, or if the appropriate lawmaking body does not approve the agreement reached by collective bargaining, with the result that said employers and employes are unable to effect a set-

   tlement, then either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration.
   43 P.S. §217.4.

3. Both Lee and Szott unsuccessfully attempted to challenge the arbitration award. Common Pleas dismissed their appeal of the award because, as *former* members of the bargaining unit, they lacked standing to challenge the award. This Court affirmed Common Pleas' decision. *See Lee v. Municipality of Bethel Park*, 156 Pa.Cmwlth. 158, 626 A.2d 1260 (Pa.Cmwlth.1993).

On June 10, 1991, Bethel Park, which is a home rule community, passed an ordinance implementing the arbitration award by refunding the current police officers their pension contributions prior to January 1, 1991, together with interest on those sums. Neither Lee nor Szott received their pension contributions because they were not active members of the police force at the time of the arbitration award, and therefore, Bethel Park took the position that a refund of either officers' pre–1991 contributions would violate Act 600.[4]

On November 5, 1997, Lee and Szott filed a complaint in the Court of Common Pleas of Allegheny County seeking a refund of their pension contributions prior to January 1, 1991. In response, Bethel Park filed preliminary objections asserting that Lee and Szott lacked standing to bring such an action and a demurrer, arguing that this Court's decision in *Stroud Township v. Stroud Township Police Department Association*, 157 Pa.Cmwlth. 228, 629 A.2d 262 (Pa.Cmwlth.1993), *petition for allowance of appeal denied*, 536 Pa. 649, 639 A.2d 35 (1994)[5] was controlling. In *Stroud*, we held that an Act 111 arbitration award ordering the retrospective refund of police pension contributions was illegal as violating Act 600. Common Pleas originally sustained Bethel Park's demurrer, but then granted reconsideration of the matter. Following argument on reconsideration, however, Common Pleas reinstated the original order sustaining the demurrer and dismissing the complaint on the basis of *Stroud*. This appeal by Lee and Szott followed.

On appeal,[6] Lee and Szott argue that Common Pleas erred by sustaining Bethel Park's demurrer on the basis of this Court's decision in *Stroud* because the provision at issue in this case was bargained for by the parties, and Bethel Park never objected to the provision as an illegal one. Accordingly, Lee and Szott argue that Bethel Park is estopped from asserting illegality as a justification for

not refunding their pre–1991 pension contributions.

In *Stroud*, an Act 111 interest arbitration panel issued an award that, like the award in the present case, required Stroud Township to refund 1991 pension contributions made by the members of its police force to the pension fund. The Township appealed this determination to Common Pleas, arguing that such an award would violate Act 600, because, under that Act, pension funds can only be distributed through pension or annuity disbursements. Common Pleas rejected this argument, but, on appeal, we reversed and held that an arbitration award ordering retrospective refunds to police officers of their pension fund contributions required the township to perform an illegal act and was, therefore, invalid. Quoting from our opinion in *Fedor v. Borough of Dormont*, 36 Pa. Cmwlth. 449, 389 A.2d 217 (Pa.Cmwlth.1978), *aff'd*, 487 Pa. 249, 409 A.2d 334 (1979), we stated:

'[n]othing in Section 1 of [Act 600] as it was originally enacted or in its amended version after 1970, suggests that the funds may be used otherwise than for the provision of pensions or annuities. No benefit other than by means of pension is mentioned in either the original or the amended version of [Act 600]. The word pension is defined by all dictionaries, and is commonly used, to mean a fixed sum paid regularly to a person. We are therefore constrained to agree ... that the expenditure of monies of a police pension plan created under [Act 600] for the purchase of a single payment life insurance policy to provide a death benefit for a participant would be improper.'

*Stroud*, 629 A.2d at 264 (*quoting Fedor*, 389 A.2d at 221) (alterations in original). Moreover, in *Stroud*, we observed that Section 9 of Act 600 authorizes the retroactive refund of previously contributed pension funds to officers who are not eligible to receive a

---

**4.** Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§767–768.

**5.** We note that *Stroud* was decided after Bethel Park enacted the Ordinance to refund pre-January 1991 pension contributions, but before Lee and Szott filed their complaint in Common Pleas.

**6.** Our standard of review over an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Appeal of Gomez*, 688 A.2d 1261 (Pa.Cmwlth.1997).

pension after contributing to the fund. Thus, the General Assembly clearly knew how to provide for refunds in Act 600, but declined to authorize such refunds to those individuals eligible to receive pensions. There is no dispute that, at the material times during this litigation, both Lee and Szott were eligible to receive pensions. Accordingly, based on our decision in *Stroud*, Lee and Szott are not entitled to a refund of their pre–1991 contributions to the pension fund because such a refund would violate Act 600.

In response, Lee and Szott argue that the refund provision was a bargained-for provision, and, as such, Bethel Park cannot assert illegality as a justification for denying them a refund of their pension contributions. In support of this argument, they point us to two decisions they argue are controlling, *Upper St. Clair Police Officers Association v. Pennsylvania Labor Relations Board*, 689 A.2d 362 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 549 Pa. 721, 701 A.2d 580 (1997), and *Fraternal Order of Police, E.B. Jermyn Lodge # 2, By Tolan v. Hickey*, 499 Pa. 194, 452 A.2d 1005 (1982). In these cases, both this Court and our Supreme Court concluded that, *once accepted*, an employer cannot avoid a term in a collective bargaining agreement that it had agreed to under the guise of illegality.

Although Lee and Szott correctly state the holdings in these cases, they fail to recognize that in *Borough of Dormont v. Dormont Borough Police Department*, 654 A.2d 69 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 541 Pa. 628, 661 A.2d 875 (1995), we specifically declined to extend *Hickey* and the cases following it to cases involving an interest arbitration award. In doing so, we concluded that, unlike instances where an employer bargains for a specific term or condition during the collective bargaining process and, therefore has an opportunity to eliminate or object to the term, in interest arbitration the new collective bargaining agreement is created by a panel of arbitrators, and the employer does not have the opportunity to object to such terms or otherwise refuse to agree to such a term in the collective bargaining agreement. Therefore, where there is an interest arbitration award, an employer may subsequently assert the illegality of a condition or provision because it did not have an opportunity to do so during the bargaining process; hence, no principles of estoppel existed. Accordingly, Lee and Szott's reliance on *Hickey* and *Upper St. Clair* is misplaced and, in this case, there was nothing improper about Bethel Park's refusal to refund their pre–1991 pension contributions because such a refund would violate Act 600.

Order affirmed.[7]

### ORDER

NOW, January 13, 1999, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

Judge FLAHERTY did not participate in the decision in this case.

---

**7.** Because we conclude that, as a matter of law, Lee and Szott were not entitled to a refund of their pension contributions, we need not address their remaining issues concerning whether they pled facts which established their right to relief or whether they had standing to seek a refund. Moreover, we observe that Common Pleas also did not address these issues in its opinion and order.