**Frederick A. FOX and Kaye A. Fox, Appellants,**

v.

**The MAYOR AND TOWN COUNCIL OF the BOROUGH OF CHAMBERSBURG and Chambersburg Area Development Corporation.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1999.

Decided Jan. 19, 2000.

Charles O. Beckley, II, Harrisburg, for appellants.

John McD. Sharpe, Jr., Chambersburg, for appellees.

Before SMITH, J., FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Borough of Chambersburg (Borough) and the

Chambersburg Area Development Corporation (CADC) engaged in an "exchange" of property, thus exempting their deal from the notice and bidding requirements of Section 1201(4)(i) of the Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46201(4)(i).

Frederick and Kaye Fox (Appellants) appeal the order of the Court of Common Pleas of the 39 th Judicial District (Franklin County Branch) (trial court), which sustained the preliminary objections in the nature of a demurrer filed by the Borough and the CADC and dismissed Appellants' complaint. We reverse and remand the case to the trial court for further proceedings.

The relevant facts are as follows. In December 1998, the Borough and the CADC entered into a contract whereby the Borough agreed to transfer two tracts of land – Tracts One and Two – plus $30,000 to the CADC in return for Tracts Three, Four, and Five, which are owned by the CADC. Appellants are citizens and taxpayers of the Borough who object to the Borough/CADC deal on the grounds that it violates the notice and bidding requirements of Section 1201(4)(i) of the Code, 53 P.S. § 46201(4)(i), which provides as follows:

> No real estate owned by the borough shall be sold for consideration in excess of fifteen hundred dollars ($1,500), except to the highest bidder after due notice by advertisement....

An exception to the notice/bidding requirement, however, is contained in Section 1201(4)(iii), 53 P.S. § 46201(4)(iii), as follows:

> The provisions of this clause shall not be mandatory where borough property is to be traded in or exchanged for new borough property.

■ The trial court subsequently sustained the Borough's and the CADC's demurrers to Appellants' complaint, holding that the Borough and the CADC engaged in an "exchange" of property and thus were exempted from the notice and bidding requirements pursuant to Section 1201(4)(iii). This appeal followed.[1]

■ The term "exchange" is not defined in the Code, nor in any appellate case law of which we are aware. We thus look to the definition of "exchange" as contained in Black's Law Dictionary and Webster's Ninth New Collegiate Dictionary. Black's defines "exchange" as "[t]he act of transferring interests, each in consideration for the other." Black's Law Dictionary 585 (7 th Ed.1999). Webster's defines "exchange" as "the act of giving or taking one thing in return for another." Webster's Ninth New Collegiate Dictionary 432 (9 th Ed.1988). In its verb form, Webster's defines "exchange" as "to part with, give, or transfer in consideration of something received as an equivalent." *Id.* All of these definitions contemplate a simple bartering of one interest for another of similar value. That, however, is not what occurred in this case.

This case, unlike a simple "exchange" of equivalent properties, was a complex business deal between the Borough and the CADC that involved, *inter alia,* the payment by the Borough of $30,000, infrastructure improvements by the Borough, waiver by the Borough of any fees associated with any zoning applications that the CADC might file, support from the Borough for any requests that the CADC makes before the zoning board, and the stipulation that Tracts One and Two will revert back to the Borough if the CADC does not construct $350,000 and $1,000,000 worth of improvements on them, respectively.

Rather than a simple "exchange" of properties, the Borough and the CADC

---

1. Our review of a trial court order sustaining a preliminary objection in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Lee v. Municipality of Bethel Park,* 722 A.2d 1165 (Pa.Cmwlth.1999).

have engaged in a complex business development package involving (1) land, (2) money, (3) infrastructure improvements at no cost to the CADC, (4) ongoing maintenance obligations, and (5) regulatory cooperation by the Borough. We find that the following passage from Appellants' brief aptly describes what occurred in this case, in violation of the Code:

> The problem [with this deal between the Borough and the CADC], from the Foxes' perspective, is that this very attractive development package consists entirely of public land and public money. And yet the Borough never gave the public any opportunity—by advertising for bids as required by Section 1201(4)(i)—to compete for the right to purchase the Borough's property and take advantage of the Borough's development incentives.

Accordingly, the order of the trial court is reversed and the case is remanded to the trial court for further proceedings.[2]

### ORDER

AND NOW, this 19th day of January, 2000, the order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) in the above-captioned matter is reversed and the case is remanded back to the trial court for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

2. Because we dispose of this case on the grounds that the Borough and the CADC did not engage in an "exchange" within in the meaning of Section 1201(4)(iii) of the Code, we do not reach the merits of Appellants' second and third points of appeal.