456 A.2d 558

Dorothy WORLEY

v.

James AUGUSTINE, Appellant.

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed Feb. 4, 1983.

Sally A. Frick, Pittsburgh, submitted a brief on behalf of appellant.

Daniel Lee Haller, Aliquippa, for appellee.

Before ROWLEY, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

This is an appeal from an order of support in favor of a minor, entered in the Court of Common Pleas, Allegheny County.

The present suit was commenced on October 21, 1979, when appellee, Dorothy Worley, filed a civil complaint for support. She alleged that appellant, James Augustine, was the father of her minor child, James Worley, and thus liable for support of the child. In his answer to the complaint, appellant set forth new matter. In the new matter, appellant stated that the child, James Worley, was born on July 2, 1969, to himself and the appellee. At the same time, he raised the statute of limitations as a defense to the action. Subsequently, both parties filed motions for summary judgment on the question of the statute of limitations. By

opinion and interlocutory order, the lower court, on November 5, 1980, denied appellant's motion and partially granted appellee's motion. It declared that the following were uncontroverted facts on the basis of the pleadings:

1. James Worley was born on July 2, 1969.

2. Defendant [appellant] signed an acknowledgment of paternity on September 7, 1970.

3. This suit was instituted on October 21, 1979.

4. Defendant [appellant] acknowledged paternity again in his answer in this case.

The lower court ordered that the parties proceed to a counselor or hearing officer to determine the amount of support to be paid by appellant. Appellant then filed a motion for certification of an interlocutory order, an application for stay of an interlocutory order, and a petition for permission to appeal from an interlocutory order, all of which were denied by the lower court. On February 7, 1981, the hearing officer recommended that appellant pay one hundred ($100) dollars per month for support of the child. Appellant filed timely exceptions to the recommendation. By order dated June 4, 1981, the lower court affirmed the hearing officer's recommendation and denied appellant's exceptions. This appeal followed.

■ On appeal, appellant concedes that he has no desire to contest paternity. His position is, as he has maintained throughout all proceedings in the lower court, that the present action is barred by the statute of limitations set forth in 42 Pa.C.S.A. § 6704(e). Specifically, he argues that his admission of paternity in the pleadings does not constitute a written acknowledgment for purposes of the statute. The relevant subsection is set forth below:

(e) All actions commenced under this section shall be brought within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to support of the child or shall have acknowledged in writing his paternity, in which case an action may be

brought at any time within two years of any such contribution or acknowledgment by the reputed father.

42 Pa.C.S.A. 6704(e).[1]

It is well settled that our purpose in determining the meaning of statutory language is to ascertain and effectuate the intention of the Legislature. *Commonwealth v. Driscoll,* 485 Pa. 99, 401 A.2d 312 (1979); *Commonwealth Higher Education Assistance Agency v. Abington Memorial Hospital,* 478 Pa. 514, 387 A.2d 440 (1978).

As the language of § 6704(e) itself makes no attempt to limit or define what constitutes an acknowledgment in writing, we looked to the legislative history for the answer. However, a thorough search of the subsection's history revealed no mention of any particular form of writing or type of acknowledgment required. Similarly, the case law involving former criminal statute 18 Pa.C.S.A. § 4323(b), on which the relevant portion of 42 Pa.C.S.A. was modeled, provided no guidance. See 204–206 Legislative Journal, Senate (March 7, 1978); 3168–3171 Legislative Journal, House (November 15, 1977).

We then looked to the entire statutory scheme. Title 23 Pa.C.S.A. § 8302 does provide for the acknowledgment of paternity on specific forms prescribed by the Department of Health. This statute however was passed after 42 Pa.C.S.A. § 6704(e), thus the legislature could not have been referring implicitly to it when it spoke of written acknowl-

1. At the time suit was instituted 42 Pa.C.S.A. § 6704(e) read as quoted. Effective December 4, 1980, the first clause was amended to read, "All actions to establish the paternity of a child born out of wedlock brought under this action must be commenced within six years of the birth of the child, ...". The remaining portion of the subsection was unchanged. Appellant's argument in the lower court referred to the present 42 Pa.C.S.A. § 6704(e). His position then was that § 6704(e), as it existed at the time of suit, was "encompassed" in the present § 6704(e). His brief on appeal, however, refers to § 6704(e) as it existed at the time of suit, not as it presently exists. Although somewhat confusing, the destinction is unimportant for purposes of this appeal since only that portion of the subsection which remained unchanged is at issue.

edgments in 42 Pa.C.S.A. § 6704(e). In addition, both the legislative remarks and the comments following 23 Pa.C. S.A. § 8302, and the subsequent section 8303, indicate a primary concern here with notification in a termination of parental rights proceeding. See 846 Legislative Journal, Senate (October 2, 1979); 23 Pa.C.S.A. § 8302 and 8303, 1980 comments.

Essentially, our only guidance is found in the Statutory Construction Act. There, in the definitions section, the word "written" is defined as, "Every legible representation of letters or numerals upon a material substance, except when used in reference to the signature of an instrument." 1 Pa.C.S.A. § 1991.

We shall apply the above stated principles to the case *sub judice*. Appellant, under the heading of "new matter," states that "James Worley was born July 2, 1969 to plaintiff and defendant." Obviously, this qualifies as a legible representation of letters or numerals upon a material substance. What appellant attempts to assert however is that the statement represents a mere failure to contest paternity, as opposed to an acknowledgment of it. This is absurd. One cannot say that a child is born unto himself without at the same time conveying a recognition of the fact, or at least the belief, that he fathered the child. Children are not born to persons that had nothing to do with their conception. Accordingly, we conclude that appellant's statement in the pleadings here qualifies as an acknowledgment in writing of paternity for purposes of 42 Pa.C.S.A. § 6704(e).

Having decided that there was a written acknowledgment of paternity here, we must now face the question of whether the present suit was commenced within two years of such acknowledgment.

■■■ The subsection provides that "an action may be commended at any time within two years of any such acknowledgment by the reputed father." 42 Pa.C.S.A.

§ 6704(e). Obviously, the present suit was commenced before the acknowledgment here. Appellant would favor a construction which would disallow the present suit. In order to do so, we would have to, in effect, construe the words "within two years of" to mean "within two years after." This we cannot do. Although it is perhaps true that the more usual situation will be where suit was filed after acknowledgment, the term "within" by definition, looks both forward and backward in time. We cannot insert the word "after" as a qualifier. A court has no power to insert a word into a statutory provision where the Legislature has failed to supply it. *In Re Township of Upper Chichester*, 52 Pa.Commw. 121, 415 A.2d 1250 (1980); *Peabody v. Tucker*, 4 Pa.Commw. 609 (1972) aff'd; 447 Pa. 398, 289 A.2d 438 (1972).

There is an additional reason why the construction favorable to appellant must be rejected. As a practical matter it would lead to an absurd or unreasonable result. In any case where, as here, a defendant acknowledges paternity in the pleadings, plaintiff's suit would be dismissed because the suit was not commenced within two years "after" such acknowledgment. Plaintiff would then simply re-file her action. This would result in a considerable waste of both the litigants' resources and judicial resources. In ascertaining the intention of the General Assembly, we are entitled to presume that it did not intend a result that is "absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. § 1922(1).

Finally, a cautionary note is in order. We concern ourselves today only with 42 Pa.C.S.A. § 6704(e), and its unusual definition of a limitations period in terms of a written acknowledgment. Our holding in this case is not to be interpreted as determining the effect of admissions in the pleadings on any other statute of limitations or other defense to an action.

Order affirmed.