The City of Erie and Officers & Employees Retirement Board in the City of Erie, Pennsylvania, Appellants *v.* Valentine J. Woznicki, Appellee.

Argued November 15, 1984, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Robert D. Hain,* for appellants.

*George M. Schroeck,* with him, Howard L. Rubenfield, for appellee.

OPINION BY JUDGE ROGERS, January 9, 1985:

The appellants, the City of Erie and the Officers and Employees Retirement Board in the City of Erie (retirement board) appeal from an order of the Court of Common Pleas of Erie County granting the motion of the appellee, Valentine Woznicki, for summary judgment in his mandamus action against the appellants.

Woznicki was employed by the City of Erie for twenty-one years. In May, 1977, he retired due to cardiovascular problems. In November, 1977, he applied to the retirement board for a disability pension. Normally, the retirement board would have promptly appointed three physicians to examine Woznicki and to certify whether he was totally and permanently disabled. Because of the Christmas holiday and a lack of a quorum at the January, 1978 retirement board meeting, the retirement board did not consider Woznicki's application until February, 1978. By that time, Woznicki had reached age sixty-five, the mandatory retirement age for City of Erie employees, and on the basis of his then age the retirement board found him ineligible for a disability pension. Instead, it awarded him a retirement pension which was in a lesser amount than the disability pension because the retirement pension is reduced by forty percent of Woznicki's estimated social security benefits. The retirement board later provided Woznicki disability benefits from November, 1977 to February, 1978, but insisted that as of Woznicki's sixty-fifth birthday, his disability pension converted to the lesser retirement pension. Woz-

nicki sued in mandamus for an order to compel the retirement board to pay him the disability pension. The trial court concluded that the retirement board's action was contrary to law and granted Woznicki's motion for summary judgment.

The issue is whether Woznicki remained entitled to receive disability benefits after reaching the mandatory retirement age or whether after that time he may receive only the lesser retirement benefits.[1] Erie's Retirement System is described in its Ordinances 52-1963 and 24-1974. The enabling legislation is Article XLIII-A of the Third Class City Code, Act of May 23, 1945, *as amended,* 53 P.S. §§39371-39384 (Article XLIII-A).

The retirement board contends that its policy is to construe the Retirement Ordinance as providing that a disability pension converts to a retirement pension upon the pensioner's reaching mandatory retirement age, that this policy is properly based upon the presumed (but unstated) intention of the drafters of the Code to provide disability compensation to a disabled employee only for so long as he would, if not disabled, have been working and that the drafters of the ordi-

---

[1] Section 4(b) of Article XLIII-A, 53 P.S. §39374(b) provides that a city officer or employee be less than fifty-five years for entitlement to a disability pension. The city's ordinance section 145.05 has no age limitation. Woznicki was sixty-four years old when he applied for disability benefits. In *Genkinger v. New Castle*, 368 Pa. 547, 549, 84 A.2d 303, 304 (1951), the Supreme Court held that when third class cities adopt a retirement system under the statute, it must do so by consistent ordinances and that inconsistent ordinance provisions are void. The question of whether Woznicki was ineligible to receive disability benefits for this reason was not raised by the Board in the trial court below or properly on appeal. It was raised for the first time at oral argument before this court. An issue not raised or reviewed by the trial court may not be considered on appeal. *Parke v. Pennsylvania Thresherman & Farmers Mutual Casualty Insurance, Co.*, 334 Pa. 417, 6 A.2d 304 (1939).

nance did not intend that a disabled employee should, after reaching retirement age, receive a pension undiminished by forty percent of social security benefits as are the pensions of other superannuated employees. But neither Article XLIII-A nor Erie's ordinance so provides. Section 4 of Article XLIII-A, 53 P.S. §39374, provides as follows:

(a) That every person now or hereafter elected or appointed to an office, of or employed by, any city which has created such retirement system and such board, as hereinafter provided, of the age of sixty (60) years and upwards who shall have so served as an officer or employe for a period of twenty (20) years, or more, shall, upon application to the board, be retired from service, and shall during the remainder of his life receive the compensation fixed by this act, subject to such qualifications as are hereinafter contained.

. . . .

(b) Should an officer or employee, however, become so permanently disabled as to render him unable to perform the duties of his position . . . , he shall be entitled to full compensation during such disability.

(c) Where a city has entered into an agreement with the Commonwealth to place certain employes under the Federal Social Security Act, the compensation to be paid joint coverage members . . . , shall be reduced by an amount equal to forty (40) per centum of the primary insurance amount of social security paid or payable to the member. Such reduction shall be subject to the following provisions:

. . . .

(ii) The reduction shall not apply to compensation for total and permanent disability payable under subsection (b) of this section. (Footnotes omitted.)

The city's pension ordinance is relevantly identical to Article XLIII-A.

Hence, neither the General Assembly nor the city's ordinance provides for the reduction of disability benefits on account of social security payments. Of course, we have no power to supply it. Section 1921-(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a); *Worley v. Augustine,* 310 Pa. Superior Ct. 178, 456 A.2d 558 (1983).

The retirement board also argues that disabled pensioners such as Woznicki, will, if the order appealed is upheld, receive a windfall and that this could not have been intended. Since both the statute and the ordinance explicitly provide for no reduction in disability benefits, we are in the presence of the grant of a benefit, not the receipt of a windfall.

The retirement board also argues that a provision of the city's ordinance giving the retirement board rule-making authority justifies its policy of converting a disability pension into a retirement pension. The ordinance section is identical to Section 3 of Article XLIII-A, 53 P.S. §39373, which provides that: "It shall be the duty of said board . . . to administer the collections and distribution of the fund, . . . and make such reasonable rules in the premises as such board may deem necessary to carry into effect the provisions of this act." Neither of these enactments empowers the board to make substantive changes in the law. "[A]n ordinance must be in conformity with the provisions of the enabling statutes; if it conflicts therewith it is void. . ." *Genkinger v. New Castle,* 368 Pa. 547, 549, 84 A.2d 303, 304 (1951). Surely if the ordi-

nance may not be in conflict with the statute, the agency may not interpret the ordinance in a manner contrary to the statute.

The retirement board's remaining contention, that the common pleas court improperly entertained and granted relief in mandamus, is likewise without merit. As we noted in *Pennsbury School District v. Department of Education*, 47 Pa. Commonwealth Ct. 428, 437, 408 A.2d 211, 216 (1979), "[m]andamus will lie to compel public officials to perform their duties in accordance with the law when those duties are ministerial in character and not discretionary." Section 4 of Article XLIII-A and Section 145.05 of the city's ordinance provide that disabled city employees "shall be entitled to full compensation. . . ." The retirement board's duty to comply with this directive is ministerial.

Order affirmed.

## ORDER

AND Now, this 9th day of January, 1985, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.