642 A.2d 660

**SWATARA TOWNSHIP, Appellant,**

**v.**

**SWATARA TOWNSHIP POLICE DEPARTMENT.**

Commonwealth Court of Pennsylvania.

Argued April 14, 1994.

Decided May 27, 1994.

David A. Wion, for appellant.

James L. McAney, for appellee.

Before DOYLE and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

FRIEDMAN, Judge.

Swatara Township (Township) appeals from an order of the Dauphin County Court of Common Pleas denying the Township's petition to strike an Act 111[1] arbitration award as violative of the provisions of Act 600[2] pertaining to the funding of police pension plans.

1. Section 1 of the Act of June 24, 1968, P.L. 237 (known as "Act 111" or "Collective Bargaining by Policemen and Firemen Act"), 43 P.S. § 217.1, states in pertinent part:

    Policemen ... employed by a political subdivision of the Commonwealth ... shall ... have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions, and other benefits.

2. Section 6 of the Act of May 29, 1956, P.L. (1955) 1804 (known as "Act 600" or "Police Pension Fund Act"), *as amended*, 53 P.S. § 772, states in pertinent part:

    Members *shall* pay into the fund ... an amount equal to not less than five per centum nor more than eight per centum of ... compensation.... The remainder ... shall become the obligation of the ... township

    ....

    If an actuarial study shows that the condition of the police pension fund of any ... township is such that payments into the fund by

Pursuant to Act 111, the Township and the Swatara Township Police Department (Police) entered into collective bargaining for a labor contract to begin on January 1, 1992. When negotiations reached an impasse, the Township and Police submitted all proposals to a panel of arbitrators (Arbitrators), which held a hearing.

The Arbitrators issued an award that contained the following provisions regarding the funding of police pensions:

(C)(1) Effective July 1, 1992, the Township shall allocate sufficient State aid to the police pension fund to satisfy the total funding requirement and *no further police contributions will then be required* for the balance of that contract year.

(C)(2) An actuarial study will be conducted in 1993 and as a result of the actuarial study, sufficient State aid will be allocated to the police pension fund to satisfy the total annual funding requirement of the police pension plan and, therefore, *membership contributions will not be required* for 1993.

(R.R. at A9) (emphasis added).

The Township filed a Petition for Review of the arbitration award in the Dauphin County Court of Common Pleas, alleging that because they relieved the Police from contributing to the pension fund, these award provisions violate Act 600. The court agreed and issued an order vacating these provisions and remanding the case to the Arbitrators for revision of the award in a manner consistent with its opinion. The court provided the following guidance for the Arbitrators:

If, on the other hand, the arbitrators meant to give the police officers an additional *salary increase* in an amount *equal to the* required members' *contributions* (as the question initially presented to them requested), while still re-

members may be reduced below the minimum percentages hereinbefore prescribed, or eliminated, and that if such payments are reduced or eliminated contributions by the ... township will not be required to keep the fund actuarially sound, the governing body of the ... *township* may ... reduce or eliminate payments into the fund by members.

quiring member contributions, the arbitrators would not have violated the statute. Because of our concern as to what the arbitrators meant, we shall vacate these two provisions and remand the case back to the arbitrators to reconsider this issue.

(R.R. at A10) (emphasis added). The Arbitrators amended the award to state:

During any year in which a pension contribution is required to be made of the member of this Bargaining Unit, the *salary* of all members of the Bargaining Unit shall be *increased* in an amount *equal to the* amount of the pension *contribution.* This increase shall be in addition to the specific salary increase set forth in the Arbitration Award.

(R.R. at A25) (emphasis added). The Township filed a second Petition for Review in the Dauphin County Court of Common Pleas, which the court denied.

On appeal,[3] the Township argues that the award still violates Act 600, and that the Arbitrators exceeded their authority by requiring the Township to pay member contributions to the police pension fund under the guise of an additional salary increase commensurate with the member contribution rate. The Police, on the other hand, maintain that Act 600 is not even applicable here because the arbitration award is for "compensation" under Act 111, not for pension funding governed by Act 600.[4] We disagree with the Police.

---

**3.** An Act 111 interest arbitration award may only be reviewed by this court to determine whether (1) the arbitrators lacked jurisdiction to decide the issues in dispute, (2) the proceedings were conducted properly, (3) the arbitrators exceeded their authority, or (4) the arbitrators have decided constitutional questions properly decided by a court. *Stroud Township v. Stroud Township Police Dep't Ass'n,* 157 Pa.Commonwealth Ct. 228, 629 A.2d 262 (1993).

**4.** As a preliminary matter, we reject the argument posed by the Police that the principle of *res judicata* applies here because the Township did not appeal the remand order of the trial court when it could have done so. The argument is based on an exception to the general rule that remand orders are not appealable:

where the remand order *settles for all intents and purposes the questioned issue of law* between the parties, our Courts have engrafted an exception to the general rule and have entertained appeals from remand orders.

We cannot accept the notion that a supplemental salary increase based upon the members' pension contribution rate is nothing more than "compensation" under Act 111. Section 1 of Act 111 provides for collective bargaining with respect to "*compensation,* hours, working conditions, retirement, *pensions* and other benefits." 43 P.S. § 217.1 (emphasis added). Because this Arbitrators' award ties the additional salary increase directly to the pension contribution rate, the revised award involves both "compensation" *and* funding for "pensions," the latter being governed by Act 600.

In cases where both Act 111 and Act 600 are applicable, we have held that the provisions of Act 600 limit the authority granted by Act 111 with respect to arbitration. In *Borough of Berwick v. Borough of Berwick Police Dep't,* 152 Pa.Commonwealth Ct. 242, 618 A.2d 1185 (1992), where arbitrators violated Act 600 by permitting police to retire after only twenty years of service,[5] we stated that:

> [t]here must be excluded from the scope of the Act [Act 111] and necessarily outside of the definition of bargainable issues, any subject which would require the government employer to perform any duty or to take some action which is *specifically or impliedly* prohibited by the statutory law governing its affairs. Such subjects are, of course, equally beyond the scope of an arbitration award.

*Berwick,* 152 Pa.Commonwealth Ct. at 247–48, 618 A.2d at 1188, quoting *Cheltenham Township v. Cheltenham Township Police Dep't,* 11 Pa.Commonwealth Ct. 348, 352–53, 312 A.2d 835, 838 (1973) (emphasis added). In this case, if the revised

*Redevelopment Auth. of Lancaster v. Wabank Real Estate & Inv. Co.,* 34 Pa.Commonwealth Ct. 1, 4, 382 A.2d 785, 786–87 (1978).

However, the exception to the general rule does not apply here because the trial court did *not* settle for all intents and purposes the questioned issue of law; i.e., whether the Arbitrators exceeded their authority by requiring the Township to pay the members' pension contributions. The trial court could not do so because it was not certain what the Arbitrators actually intended by their award.

5. Section 9 of Ordinance No. 1059 regarding retirement eligibility provides that a police officer shall serve a minimum period of total service of 25 years and shall have reached 50 years of age. *See Berwick,* 152 Pa.Commonwealth Ct. at 244–45, 618 A.2d at 1186.

award requires the Township to take action that is even *impliedly* prohibited by Act 600, then the award is beyond the scope of the Arbitrators' authority.

This particular award evolved from a blatant and direct violation of Act 600 to what is now at least an indirect violation of the statute. The original arbitration award overtly required the Township to excuse the Police from paying statutorily mandated contributions into their pension fund. The revised award indirectly accomplishes the same purpose by requiring the Township to give the Police an additional salary increase *specifically* to pay for member contributions to the pension fund.

Under Act 600, only the Township has authority to decide whether to eliminate member contributions. Moreover, the Township may do so only under certain circumstances, which do not exist here.[6] Therefore, the Arbitrators exceeded their authority by requiring the Township to replace member contributions by means of a supplemental salary increase because the award, in effect, *requires* the Township to free the Police from their statutory obligation to contribute to their pension fund in violation of Act 600. Accordingly, we reverse.

## ORDER

AND NOW, this 27th day of May, 1994, the order of the Dauphin County Court of Common Pleas, dated August 31, 1993, is reversed.

---

**6.** Under Act 600, the Township has authority to eliminate member contributions when (1) they are not necessary to keep the fund actuarially sound, *and,* (2) if they are reduced or eliminated, the Township will not be required to maintain the fund. *See* 53 P.S. § 772.