**BOROUGH OF DORMONT, Appellant,**

v.

**DORMONT BOROUGH POLICE DEPARTMENT.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1994.

Decided Jan. 4, 1995.

John R. Luke, for appellant.

Gary M. Lightman, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Borough of Dormont (Borough) appeals from a decision of the Court of Common Pleas of Allegheny County (trial court) which denied the Borough's request to vacate, or in the alternative, modify and correct an arbitration award, which ordered the Borough to cease deducting pension plan contributions from employees of the Borough of Dormont Police Department's (Police) pay checks. We affirm.

On January 25, 1993, a police officer filed a grievance on behalf of the Police objecting to the Borough's deduction of a 5.5% member contribution to the Police Pension Fund, beginning in the year 1993. The grievance alleged that this deduction was in violation of an arbitration award, which was filed on April 23, 1992. This original arbitration award completely suspended Police contributions to its pension plan for the period commencing January 1, 1993 through December 31, 1994.[1]

To settle this matter, a hearing was held in front of an arbitrator. The arbitrator determined that the intent of the arbitration award of April 23, 1992, as well as the original collective bargaining agreement, was to eliminate police contributions to their pension fund for the year 1993.[2]

---

1. The decision was made by a unanimous panel of three arbitrators.

2. The essence of the case before us rests upon paragraph 5 of the arbitrator's award dated April 23, 1992 which states:

> 5. For 1992, retroactive to 1/1/92, police contributions to the pension plan shall decrease 2.5% to 2.5%. Effective 1/1/93, police contributions to the police pension plan will be *entirely suspended.* The parties agree that, in consultations with the police pension actuary, it became clear to them beyond argument that these reductions in the police obligation to contribute to the police plan will not adversely effect the actuarial soundness of the police pension plan. In the event that, at some point

in the future, the pension plan should again need the contributions of police officers to remain actuarially sound, it is agreed that *police officer contributions, to the legal maximum if necessary,* can be reinstituted before the Borough would have to make contributions to the police pension plan from its general revenues. It is also agreed that before such contributions are required of the police that the Borough would allocate the Act 205 monies coming into the Borough from the Commonwealth because it has a police department to the police pension plan. Except in those circumstances, the Borough remains free to allocate its Act 205 monies pursuant to the authority and requirements in Act 205. (Emphasis added.)

R.R. at 22a.

Petitioner thereafter filed a petition to vacate, or in the alternative, modify and correct arbitration award before the trial court, which denied the petition, thus affirming the arbitrator's award. The court found that paragraph 5 of the April 23, 1992 arbitration award clearly stated that Police contributions were not necessary, and that the Borough presented no evidence of any need for such contributions as outlined in paragraph 5 of the arbitration agreement.[3]

The Borough raises three issues before this Court.[4] First, the Borough alleges that the arbitrator's decision is contrary to law because suspending all pension contributions is a violation of the Police Pension Fund Act.[5] The Borough asserts that Act 600 clearly mandates the commission of an actuarial study before pension contributions can be reduced below the statutorily created minimum of 5%. The Borough alleges that Act 600 requires this study to be conducted immediately preceding the elimination of Police contributions. In this case, however, the actuarial study used was conducted in 1991.

The Police counter this argument by arguing that, since the Borough entered into the terms of the collective bargaining agreement which allowed for arbitration, it must abide by the arbitrator's award and cannot at a later date allege illegality as a proper defense.

Even though the current state of the law[6] reflects the Police contention that illegality cannot be asserted when an element of a collective bargaining agreement is consented to by both parties, we disagree that this line of cases would apply here. The issue of Police contributions for the year of 1993 was addressed and resolved in a decision by three arbitrators, and *not* by a collective bargaining agreement. We are not prepared to extend the aforementioned case law to apply to a situation of this kind.

The Borough's argument is properly dismissed because Act 600 does not stand for the proposition that an actuarial study has to be conducted directly prior to the time in which Police contributions are to be ceased. The Borough's contention that this is the case has not been set forth by this Court. An actuarial report, done in 1991, found that the elimination of member contributions would not negatively impact the actuarial soundness of the fund. Therefore, we will not overturn the arbitrator's decision as to this issue.

Second, the Borough asserts that the arbitrator erred in ordering the Borough to refund, with interest, the Police contributions to its pension plan for the year 1993. The Borough asserts that the arbitrator lacked authority to issue an interest arbitration award requiring a municipality to return Act 600 pension contributions. The Police counter this argument by asserting that each of the cases the Borough advances can be factually distinguished from the case before us. We agree.

Each of the cases the Borough advances[7] involves a situation where there was a retroactive elimination and distribution of *legitimately* withheld Police contributions. We agree with the Police that the facts at issue, in this case, can be distinguished. This case involves funds that were not legitimately withheld but rather collected in contravention to a prior arbitration award. Therefore,

---

3. See Footnote 2.

4. In cases involving a review of a grievance arbitration award, this Court's scope of review is whether the award can be said to have in any way derived from the essence of the agreement and is not contrary to law. *Pennsylvania State Police v. Pennsylvania State Troopers Ass'n (Betancourt)*, 159 Pa.Commonwealth Ct. 489, 633 A.2d 1278 (1993), *allocatur granted*, 538 Pa. 617, 645 A.2d 1320 (1994).

5. Section 1 of the Police Pension Fund Act (Act 600), Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §§ 767–78.

6. *See Fraternal Order of Police v. Hickey*, 499 Pa. 194, 452 A.2d 1005 (1982).

7. *Borough of Nazareth v. Nazareth Police Ass'n*, 161 Pa.Commonwealth Ct. 354, 636 A.2d 1289 (1994); *Millcreek Township v. Millcreek Police Ass'n*, 161 Pa.Commonwealth Ct. 414, 637 A.2d 669 (1994); and *Stroud Township v. Stroud Township Police Department Ass'n*, 157 Pa.Commonwealth Ct. 228, 629 A.2d 262 (1993), *appeal denied* 536 Pa. 649, 639 A.2d 35 (1994).

the arbitrator did not act contrary to law by ordering the Borough to return the improperly withheld Police pension funds.

■ Third, the Borough argues that the trial court erred in refusing to allow the parties to offer any evidence and/or testimony when reviewing the arbitrator's decision. This Court, in *AFSCME v. State College Area School District,* 101 Pa.Commonwealth Ct. 596, 516 A.2d 869 (1986), *allocatur denied* 516 Pa. 614, 531 A.2d 781 (1987), ruled that a trial court, on appeal, does not have the authority to hear an arbitration appeal on the merits at a de novo hearing. The scope of review for a trial court is limited only to a review of the record presented to it.

Therefore, the trial court did not err in refusing to allow the parties to offer any evidence when reviewing the arbitrator's award.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 4th day of January, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.