**MUNICIPALITY OF MONROEVILLE**

v.

**MONROEVILLE POLICE DEPART-MENT WAGE POLICY COM-MITTEE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 2000.

Decided Jan. 24, 2001.

Ronald P. Koerner, Pittsburgh, for appellant.

James L. McAneny, Harrisburg, for amicus curiae, PA Lodge, Fraternal Order of Police.

Bruce E. Dice and W. Timothy Barry, Pittsburgh, for appellee.

Before KELLEY and FLAHERTY, Judges, RODGERS, Senior Judge.

KELLEY, Judge.

The Monroeville Police Department Wage Policy Committee (Police) appeals from a November 8, 1999 order of the Court of Common Pleas of Allegheny County (trial court) vacating in part, modifying in part, and affirming in part, a May 15, 1999 arbitration award. We affirm.

The parties had a prior contract involving, *inter alia*, the salary and benefits for the Municipality of Monroeville's (Municipality) police force. The contract expired and the parties were unable to agree to all the terms of a new contract. The contract dispute was submitted to a board of arbitration pursuant to what is commonly referred to as Act 111.[1] The arbitrators issued an award which increased wages by 3% and which included the following language:

*"ALL OTHER MATTERS*

All terms and conditions of employment encompassed by the prior Agreement or in effect during its term, and that are not altered by this Award, shall remain in full force and effect.... All other requests, proposals, and demands not previously agreed upon or specifically addressed herein shall be considered DENIED and REJECTED."

Reproduced Record (R.R.) at 21a.

Among the "requests, proposals and demands not previously agreed upon" were paragraphs 5 and 6 of the prior contract. Paragraph 5.C of the prior contract provided for a pension benefit of 65% of the "average monthly salary." The Municipality would not agree to include old paragraph 5.C in the new contract because the 65% of average monthly salary violated Section 5 of what is commonly referred to as Act 600,[2] which limits pensions to a maximum of 50% of the average monthly salary. Paragraph 6 of the prior contract provided that the average monthly salary under the prior contract was to be based on the highest 36 months of the entire period of employment. The Municipality would not agree to include old paragraph 6 in the new contract because it also violated Act 600, which requires the average monthly salary to be based only on the last 36–60 months of employment, not the entire period of employment.

The Municipality filed a Petition for Rule to Show Cause Why Act 111 Arbitration Award Should not be Declared Illegal with the trial court. The trial court granted the petition on the basis that courts will not impose an illegal provision on anyone, including municipalities, even though there is another well-settled rule that courts will not permit anyone, including municipalities, to avoid their voluntarily assumed obligations by asserting that they are violative of a statute. The trial court held that while the old contract was enforceable against the Municipality because it was voluntarily agreed to, the parties did not

---

1. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10.

2. Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. § 771(c). Section 5 of Act 600 provides as follows:

    Monthly pension or retirement benefits other than length of service increments shall be computed at one-half the monthly average salary of such member during not more than the last sixty nor less than the last thirty-six months of employment.

agree to a new contract with those terms because the Municipality became aware of the illegality of certain portions of the prior contract and would not voluntarily agree to reinsert those provisions in the new contract.

■ The trial court also held that it did not exceed the proper scope of review because the arbitrators did rule on the issue regarding paragraphs 5 and 6 in the catchall provision in the award denying and rejecting all other requests, proposals, and demands. The trial court also held that, based on this Court's decision in *Lee v. Municipality of Bethel Park*, 722 A.2d 1165 (Pa.Cmwlth.1999), Act 600 applied to home rule municipalities such as the Municipality of Monroeville. The trial court then held that including paragraphs 5.C and 6 in the new contract would violate Act 600. Finally, the trial court held that including paragraph 5.C would also violate Section 305 of the Municipal Pension Plan Funding Standard and Recovery Act,[3] also known as Act 205, requiring actuarial studies before a public employer can do anything that might affect a pension plan's actuarial soundness. Accordingly, the trial court entered the following order:

[I]t is hereby ordered, adjudged, and decreed that the Petition is granted and the Act 111 Arbitration Award, dated May 15, 1999, is hereby vacated in part and modified in part in order to bring the collective bargaining agreement between the Municipality of Monroeville and the Monroeville Police Department, Wage Policy Committee, into compliance with Pennsylvania Act 600, 53 P.S. § 771(c), concerning the following two issues:

(1) The "future windows" provision for pension benefits at 65% of final monthly average salary is hereby eliminated and voided from the Agreement and Pension Plan. All pension benefits shall be calculated at 50% of monthly average salary.

(2) "Monthly average salary" shall be the average of the highest 36 months during the last 60 months of employment.

The remainder of the provisions of the Arbitration Award are hereby affirmed, effective as of January 1, 1999.

This appeal by the Police followed.[4]

In its appeal,[5] the Police raise the following issues:

1. Whether a court has jurisdiction under the "narrow certiorari" scope of review to vacate an Act 111 arbitration award on the basis of the arbitration panel's refusal to rule on a particular issue placed before it.

2. Whether a police pension fund in a home rule charter municipality is subject to Act 600.

3. Whether the Municipality is estopped from claiming that a contract provision it voluntarily agreed to during the bargaining process is illegal.

4. Whether the arbitration award violates Act 205.

■ First, the Police argue that the Act 111 arbitration award in this case only mandated that the Municipality give its police officers a 3% across the board pay raise. The Police contend that the arbitrators chose not to make any changes in the police pension fund and exercised their

---

**3.** Act of December 18, 1984, P.L. 1005, *as amended*, 53 P.S. § 895.305.

**4.** An interest arbitration award issued pursuant to Act 111 may only be reviewed by this Court to determine whether the arbitrators lacked jurisdiction to decide the issues in dispute, whether the proceedings were conducted properly, whether the arbitrators exceeded their authority, or whether the arbitrators decided constitutional questions properly decid-

ed by a court. *Swatara Township v. Swatara Township Police Department*, 164 Pa.Cmwlth. 378, 642 A.2d 660 (1994), *petition for allowance of appeal denied*, 540 Pa. 589, 655 A.2d 519 (1995).

**5.** The Pennsylvania Lodge, Fraternal Order of Police has filed a brief of amicus curiae in support of the Police's appeal.

right pursuant to Act 111 not to resolve the issue of whether or not the 65% gross pension benefit violated Act 600. The Police argue that the inclusion of an "as is" clause in an arbitration award does not constitute a ruling. The Police argue further that in declining to rule on the Municipality's claim, the arbitrators acted within their authority and the narrow certiorari scope of judicial review of Act 111 arbitration awards does not permit a court to vacate an arbitration award on the basis of its refusal to resolve a particular issue. Thus, the Police contend that the trial court did not have jurisdiction to vacate the arbitration award in this case.

Herein, the trial court determined that it did not exceed the proper scope of review under Act 111 because the arbitrators resolved all issues, including the inclusion of paragraphs 5.C and 6 in the new contract. Upon review of the arbitrators' award, we agree with the trial court's determination.

It is undisputed that the inclusion of the provisions of paragraphs 5.C and 6 in the new contract was an issue before the arbitrators. In the award, the arbitrators did not alter the terms and conditions of employment encompassed by the prior contract or in effect during its term. The arbitrators also specifically denied and rejected all other requests, proposals, and demands not previously agreed upon or specifically addressed in the award. We believe, as did the trial court, that by including this language in the award, the arbitrators did rule on the issues regarding the inclusion of the old paragraphs 5.C and 6 in the new contract. The arbitrators clearly rejected the Municipality's proposal to exclude these paragraphs and included paragraphs 5.C and 6 in the new contract by not altering the terms and conditions of

employment encompassed by the prior contract. Thus, we reject the Police's contention that the trial court exceeded its limited scope of review by ruling on an issue not resolved by the arbitrators.

■ Second, the Police argue that a police pension fund in a home rule charter municipality is not subject to Act 600. We disagree.

Section 2962(c)(5) of the Home Rule Charter and Optional Plans Law provides that a home rule municipality may not "[e]nact any provision inconsistent with any statute heretofore enacted prior to April 13, 1972, affecting the rights, benefits, or working conditions of any employe of a political subdivision of this Commonwealth." 53 Pa.C.S. § 2962(c)(5). Although Section 2961 of the Home Rule Charter and Optional Plans Law, 53 Pa. C.S. § 2961, bestows upon a home rule municipality broad municipal powers, Section 2962(c)(5) clearly precludes home rule municipalities from providing pension benefits different from those prescribed in general law including Act 600 which was enacted in 1956.

The Police argue that Section 2962(c)(5) only prohibits the enactment of provisions that *adversely* affect the rights, benefits or working conditions of employees. The Police contend that Section 2962(c)(5) does not prohibit ordinances, which improve the rights, benefits or working conditions of employees. Based on the plain language of Section 2962(c)(5), we disagree. Section 2962(c)(5) simply does not contain any language limiting the prohibition found therein to statutes or ordinances which adversely affect the rights, benefits or working conditions of employees. Accordingly, we refuse to insert such a limitation.[6] *See*

---

**6.** The Police also argue that even if the arbitrators had ruled that the police pension benefits were illegal, the award would have been vacated on the basis that it diminished the police pension benefits in violation of Section 2962(c)(3), 53 Pa.C.S. § 2962(c)(3), of the Home Rule Charter and Optional Plans Law.

Section 2962(c)(3) provides that a municipality shall not "[b]e authorized to diminish the rights or privileges of any former municipal employee entitled to benefits or any present municipal employee in his pension or retirement system."

*Erie v. Woznicki,* 87 Pa.Cmwlth. 13, 487 A.2d 42 (1985) (It is well settled that a court has no power to insert a word into a statutory provision when the General Assembly has failed to supply it.); *Worley v. Augustine,* 310 Pa.Super. 178, 456 A.2d 558 (1983).

■ Third, the Police argue that the Municipality is estopped from claiming that a contract provision it voluntarily agreed to during the bargaining process is illegal. The Police contend that the law is clear that a municipality cannot voluntarily enter into a collective bargaining agreement and then later claim that the agreement is illegal. The Police argue that the Municipality agreed to calculate pensions on the basis of 65% of salary based on the highest 36 months of police salary and it cannot now seek to eliminate this provision on the grounds that it violates Act 600.

In support of its argument, the Police rely on our Supreme Court's decision in *Fraternal Order of Police, E.B. Jermyn Lodge # 2 by Tolan v. Hickey,* 499 Pa. 194, 452 A.2d 1005 (1982). In *Hickey,* the Supreme Court held that, once accepted, an employer cannot avoid a term in a collective bargaining agreement that it had agreed to under the guise of illegality. *Hickey,* 499 Pa. at 199, 452 A.2d at 1008. However, the Supreme Court in *Hickey* distinguished between situations where an arbitration panel attempts to mandate a governing body over its objection to carry out an illegal act and situations where the governmental unit employer attempts to belatedly avoid compliance with a term of a bargaining agreement it voluntarily agreed to during the bargaining process and thereby secure an unfair advantage in the bargaining process. *Id.*

However, this issue was not raised in the Police's statement of matters complained of on appeal filed with the trial court pursuant to Pa.R.A.P.1925(b). *See* R.R. at 364a–65a. Therefore, the issue was not addressed by the trial court in its opinion filed with this Court pursuant to Rule 1925. *Id.* at 376a–382a. Accordingly, because the issue was not raised before the trial court and the trial court did

In *Lee v. Municipality of Bethel Park,* 722 A.2d 1165 (Pa.Cmwlth.1999), this Court pointed out that it had previously in *Borough of Dormont v. Dormont Borough Police Department,* 654 A.2d 69 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 541 Pa. 628, 661 A.2d 875 (1995), specifically declined to extend *Hickey* and the cases following it to cases involving an interest arbitration award. In *Dormont,* this Court recognized the current state of the law, as set forth in *Hickey,* that illegality cannot be asserted when an element of a collective bargaining agreement is consented to by both parties. *Dormont,* 654 A.2d at 71. However, we declined to extend *Hickey* to cases where an issue is resolved in a decision by arbitrators and not by a collective bargaining agreement.

■ In *Bethel Park,* this Court followed the decision in *Dormont* and held that where there is an interest arbitration award, an employer may subsequently assert the illegality of a condition or provision because it did not have an opportunity to do so during the bargaining process. Moreover, a board of arbitrators exceeds its power when an award requires a municipality to take an action that is prohibited by statutory law. *Swatara Township v. Swatara Township Police Department,* 164 Pa.Cmwlth. 378, 642 A.2d 660 (1994), *petition for allowance of appeal denied,* 540 Pa. 589, 655 A.2d 519 (1995). In *Swatara,* this Court stated as follows:

In cases where both Act 111 and Act 600 are applicable, we have held that the provisions of Act 600 limit the authority granted by Act 111 with respect to arbitration. In *[In re Arbitration Between] Borough of Berwick [and] v. Borough of Berwick Police Dep't,* 152 Pa.Common-

not have an opportunity to address it, the issue is waived. *See Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998) (Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Any issues not raised in a statement of matters complained of on appeal pursuant to Rule 1925(b) will be deemed waived.).

wealth Ct. 242, 618 A.2d 1185 (1992), where arbitrators violated Act 600 by permitting police to retire after only twenty years of service, we stated that:

> there must be excluded from the scope of the Act [Act 111] and necessarily outside of the definition of bargainable issues, any subject which would require the government employer to perform any duty or to take some action which is specifically or impliedly prohibited by the statutory law governing its affairs. Such subjects are, of course, equally beyond the scope of an arbitration award.

*Swatara*, 642 A.2d at 662 (footnote omitted) (quoting *Borough of Berwick*, 618 A.2d at 1188).

As note previously in this opinion, Section 5 of Act 600 provides, in pertinent part, that monthly pension or retirement benefits shall be computed at one-half the monthly average salary of such member during not more than the last sixty nor less than the last thirty-six months of employment. 53 P.S. § 771(c). Herein, the Municipality would not agree to include paragraphs 5.C and 6 in the new contract because the provisions violated Act 600. Thus, the issue of whether pension benefits could exceed those provided for under Act 600 was a new issue for the collective bargaining process. When an impasse occurred, the dispute was submitted for arbitration pursuant to Act 111. The terms of paragraphs 5.C and 6 of the prior contract are clearly in contravention of the provisions of Act 600.[7] However, despite the Municipality's objections based on a violation of Act 600, the arbitrators included the disputed paragraphs in the award. Therefore, it cannot be said that the Municipality voluntarily agreed to the inclusion of paragraphs 5.C and 6 in the new contract. Accordingly, we reject the Police's assertion that the Municipality is estopped based on *Hickey* from claiming that

the contract provisions at issue herein are illegal.

Finally, the Police argue that the arbitrators' award does not violate Act 205. However, based on the resolution of the other issues properly raised by the Police in this appeal, we need not reach the issue of the whether the arbitrators' award also violates Act 205.

Accordingly, the trial court's order is affirmed.

### *O R D E R*

AND NOW, this 24th day of January, 2001, the order of the Court of Common Pleas of Allegheny County, dated November 8, 1999, at GD99–8304, is affirmed.

---

7. We note that the Police do not directly argue that the provisions of paragraphs 5.C and 6 of the prior contract do not violate Act 600.