Charles SANTANGELO, Trustee Ad Litem for F.O.P., Lodge 31, Robert Langdon, Douglas Wells, Michael Crescitelli, Ray Emerich, Michael Higgins, Joseph Peterson, Robert J. Greenaway, Noreen Morello, Olivia Brady

v.

BOROUGH OF NORRISTOWN and the Norristown Civil Service Commission, Ted Leblanc, Joseph Byrnes, Alex Dinolfi, Mark Hunsicker, Ernest Scott, Jr., Jack Ochnich, Joseph Angello, Daniel Volpe, George Fairel, Appeal of: Charles Santangelo, Trustee Ad Litem for F.O.P. Lodge 31.

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2001.

Decided Jan. 7, 2002.

J. David Farrell, Norristown, for appellant.

Thomas J. Speers, Plymouth Meeting, for appellee, Borough of Norristown Civil Service Commission.

Paul C. Vangrossi, Norristown, for appellee, Borough of Norristown.

Before McGINLEY, J., FRIEDMAN, J., and MIRARCHI, JR., Senior Judge.

FRIEDMAN, Judge.

Charles Santangelo, Trustee Ad Litem for F.O.P Lodge 31 (Appellant) appeals from the July 5, 2001 order of the Court of Common Pleas of Montgomery County (trial court), which denied Appellant's petition seeking declaratory judgment and decreed that the Mayor of Norristown (Mayor), as the "appointing authority," may validly exercise the power granted in the Norristown Home Rule Charter (Norristown Charter) to appoint, suspend and remove Borough of Norristown (Borough) employees.

In January of 1986, the Borough became a home rule municipality by adopting the Norristown Charter pursuant to the Home Rule Charter and Optional Plans Law (HRC Law), 53 Pa.C.S. §§ 2901–3171. Previously, the Borough had operated in accordance with the Borough Code,[1] under which the Norristown Borough Council

---

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 45101–48501.

(Council) had sole authority to appoint, discipline and remove police officers in the Borough. Section 1121 of the Borough Code, 53 P.S. § 46121. However, this power now rests with the Mayor pursuant to section 503(F) of the Norristown Charter, which grants to the Mayor the power and duty to "appoint, suspend and remove all department heads and other Borough employees and the right to delegate said power to the Municipal Administrator."[2] (R–136.)

The Norristown Fraternal Order of Police, Lodge 31, (FOP) contested this shift of appointing authority from Council to the Mayor on prior occasions, arguing that it violated section 2962(c) of the HRC Law, 53 Pa.C.S. § 2962(c), which places express limitations upon the powers of municipalities in creating a home rule form of government. The prohibitions relevant here provide that a municipality shall not:

> (2) Exercise powers contrary to, or in limitation or enlargement of, powers granted by statutes which are applicable in every part of this Commonwealth.
>
> . . .
>
> (5) Enact any provision inconsistent with any statute heretofore enacted prior to April 13, 1972, affecting the rights, benefits or working conditions of any employee of a political subdivision of this Commonwealth.

53 Pa.C.S. § 2962(c)(2) and (5). Appellant argued that section 503(F) of the Norristown Charter is invalid because, in giving the appointing authority to the Mayor, it is inconsistent with the civil service provisions in the Borough Code, which would give these powers to Council.

On January 14, 2000, in response to the Mayor's temporary promotion of officers in the Borough's Police Department, Appellant filed a petition alleging irregularities during the promotion process and seeking injunctive relief. (See R–1—R–17.) Prior to a hearing on the matter before the Commission, the parties agreed that the promotion process could continue, and the action would be converted to an action for declaratory judgment in the trial court to determine whether the Mayor or Council has the appointing authority, i.e., the power to appoint, promote, discipline and terminate Borough police officers.

On July 5, 2001, upon consideration of Appellant's petition for review and request for declaratory judgment, and the responses thereto, and following oral argument, the trial court entered its order. Ruling in favor of the Borough and the Commission on the issue, the trial court decreed that section 503(F) of the Norristown Charter does not contravene sections 2962(c)(2) or (5) of the HRC Law, and, therefore, the Norristown Charter, rather than the Borough Code, controlled to give the Mayor lawful appointing authority.

On appeal to this court,[3] Appellant argues that the trial court erred in its determination. Appellant again contends

---

2. In addition, in February of 2000, the Norristown Civil Service Commission (Commission) adopted Rules and Regulations, which Council and the Mayor approved, that designate the Mayor as the "appointing authority" in the Borough, that is, the person granted the power to appoint, suspend or fire Borough employees. (See R–82, R–102—R–112.)

3. Our scope of review of a trial court decision is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence. Norristown Fraternal Order of Police, Lodge 31, by Santangelo v. Borough of Norristown, 662 A.2d 1151 (Pa.Cmwlth.), appeal denied, 542 Pa. 680, 668 A.2d 1140 (1995).

that the Borough, despite its status as a home rule municipality, must comply with the Borough Code with respect to the exercising of appointing authority in matters of police hiring, promotion, suspension and termination.[4] However, this issue was thoroughly considered[5] and properly decided by the trial court. This court therefore affirms on the able opinion of Judge Calvin S. Drayer in *Charles Santangelo, Trustee Ad Litem For F.O.P. Lodge 31 v. Borough of Norristown and the Norristown Civil Service Commission,* Court of Common Pleas of Montgomery County (No. 00–00747, Civil Division, filed July 5, 2001).

## ORDER

AND NOW, this 7th day of January, 2002, the order of the Court of Common Pleas of Montgomery County, dated July 5, 2001, is hereby affirmed on the basis of the opinion issued by the court in *Charles Santangelo, Trustee Ad Litem For F.O.P. Lodge 31 v. Borough of Norristown and the Norristown Civil Service Commission,* Court of Common Pleas of Montgomery County (No. 00–00747, Civil Division, filed July 5, 2001).

---

4. According to Appellant, by shifting the appointing authority from Council to the Mayor, section 503(F) of the Norristown Charter directly conflicts with the civil service framework set forth in the Borough Code in a way that impacts on the "rights, benefits or working conditions" of police officers and, thus, violates section 2962(c)(5) of the HRC Law. Therefore, Appellant reasons, the Borough must abide by the Borough Code with respect to the appointment, promotion, discipline and termination of police officers, and the appointing authority must rest with Council and not with the Mayor.

5. In his brief to this court, Appellant relies on *Municipality of Monroeville v. Monroeville Police Department Wage Policy Committee,* 767 A.2d 596 (Pa.Cmwlth.), *appeal denied,* 566 Pa. 672, 782 A.2d 551 (2001), which was published after the trial court heard oral argument in this case, as support for the position that home rule municipalities may not alter existing law even when the alteration does not "adversely" affect the rights, benefits or working conditions of the employee. In *Monroeville,* the municipality challenged an arbitration award because a pension provision in the award violated section 5 of Act 600, Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. § 771(c), the statute governing police pension funds. The court of common pleas agreed and held that the arbitration award had to comply with Act 600. On appeal to this court, the police bargaining unit raised the argument that, because Monroeville was a home rule municipality, the police pension fund is not subject to Act 600. Based on the clear language of section 2962(c)(5) of the HRC Law, we rejected the police argument that the prohibition found at 2962(c)(5) prohibits only the enactment of provisions that *adversely* affect the rights, benefits and working conditions of employees, but not those that *improve* these rights, benefits or working conditions.

Appellant contends that the trial court opinion here mirrors the argument made by the police in *Monroeville* and, thus, overlooks the strict mandates of the HRC Law as interpreted in *Monroeville.* We disagree. In *Monroeville,* the parties did not question that pension benefits under Act 600 were rights, benefits or working conditions of an employee. Because the issue in this case *is* whether making the Mayor the appointing authority affects the rights, benefits or working conditions of Borough employees, *Monroeville* is not relevant here.