The BROTHERHOOD OF WEST CHESTER POLICE, Appellant,

v.

The BOROUGH OF WEST CHESTER.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 11, 2002.
Decided April 25, 2002.
Reargument Denied June 19, 2002.

Anthony C. Busillo, II, Harrisburg, for appellant.

Brian L. Nagle, West Chester, for appellee.

Stephen C. Richman, and Thomas H. Kohn, Philadelphia, for amicus curiae, Professional Fire Fighters Assoc.

BEFORE: COLINS, President Judge, and COHN, J., and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

The Brotherhood of West Chester Police (Brotherhood) appeals from a declaratory judgment issued by the Court of Common Pleas of Chester County that declared invalid a recently enacted provision in the Home Rule Charter of the Borough of West Chester that granted pension benefits to Borough police officers in excess of those authorized by Section 5 of the law commonly known as Act 600.[1] We affirm the trial court.

In the November 1998 general election the voters of the Borough of West Chester approved a ballot question that deleted this sentence from its Home Rule Charter:

> The Borough shall continue to abide by the terms and conditions of Act 600, as it pertains to police pensions.

and replaced it with this language:

> The Borough of West Chester Police Pension Plan (the "Plan") shall conform to Commonwealth of Pennsylvania Act 600, with the exception that benefits in excess of those allowed by Commonwealth of Pennsylvania Act 600 may be granted only if the cost of such benefits can be funded by Plan member contributions, by Plan surplus and/or by municipal pension aid provided by the Commonwealth of Pennsylvania, and there is no municipal contribution to the Plan required to be made by the Borough of West Chester, either at implementation or after audit.

In the course of collective bargaining with the Brotherhood the Borough raised the question of whether Act 600 permitted it to implement the new Charter provision. To answer this question the Brotherhood filed an action for declaratory judgment in the court of Common Pleas of Chester County and the Borough filed an answer that admitted all material allegations of fact. The trial court found that Act 600 prohibited the Borough from implementing any provision that provided benefits in excess of those allowed by Act 600. This appeal followed.

■ The question we are asked to determine is whether a municipality that has elected to be governed pursuant to the Home Rule Charter and Optional Plans Law[2] may provide pension benefits to its police officers in excess of those authorized by Act 600.[3]

---

1. Act of May 29, 1956, P.L. (1955) 1804, *as amended,* 53 P.S. § 771(a).

2. 53 Pa.C.S. §§ 2901–2984.

3. Our standard of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion.

The Borough relies on our recent decision in *Municipality of Monroeville v. Monroeville Police Department Wage Policy Committee*, 767 A.2d 596 (Pa.Cmwlth. 2001). *Monroeville* is factually identical to the case before us. Monroeville, like West Chester, is governed by the Home Rule Charter and Optional Plans Law. In the course of collective bargaining the Monroeville Police Department Wage Policy Committee attempted to secure pension benefits in excess of those authorized by Act 600. Monroeville rejected the demand and the matter was referred to a board of arbitrators. The arbitrators decided the issue in favor of the municipality and the Wage Policy Committee appealed to the Court of Common Pleas of Allegheny County. The trial court also found that Act 600 prohibited Monroeville from granting benefits to its police officers in excess of those authorized by Act 600. The Wage Policy Committee appealed to this Court and we affirmed the trial court.

█ What we said about Act 600's effect on police pension plans in *Monroeville* is so clearly applicable to the case before us that we will simply quote it here:

> [T]he Police argue that a police pension fund in a home rule charter municipality is not subject to Act 600. We disagree.
>
> Section 2962(c)(5) of the Home Rule Charter and Optional Plans Law provides that a home rule municipality may not "[e]nact any provision inconsistent with any statute heretofore enacted prior to April 13, 1972, affecting the rights, benefits, or working conditions of any employe of a political subdivision of this Commonwealth.", 53 Pa.C.S. § 2962(c)(5). Although Section 2961 of the Home Rule Charter and Optional

Plans Law, 53 Pa.C.S. § 2961, bestows upon a home rule municipality broad municipal powers, Section 2962(c)(5) clearly precludes home rule municipalities from providing pension benefits different from those prescribed in general law including Act 600 which was enacted in 1956.

> The Police argue that Section 2962(c)(5) only prohibits the enactment of provisions that adversely affect the rights, benefits or working conditions of employees. The Police contend that Section 2962(c)(5) does not prohibit ordinances, which improve the rights, benefits or working conditions of employees. Based on the plain language of Section 2962(c)(5), we disagree. Section 2962(c)(5) simply does not contain any language limiting the prohibition found therein to statutes or ordinances which adversely affect the rights, benefits or working conditions of employees. Accordingly, we refuse to insert such a limitation.

767 A.2d 596, 599 (footnote omitted).

The Brotherhood asks us to revisit *Monroeville* and reverse it on the basis of our decisions in *Fraternal Order of Police, Fort Pitt Lodge No. 1 v. City of Pittsburgh*, 165 Pa.Cmwlth. 83, 644 A.2d 246 (1994) and *Santangelo v. Borough of Norristown*, 789 A.2d 848 (Pa.Cmwlth.2002).

*Fort Pitt* addressed the question of whether an ordinance of the City of Pittsburgh that governed hiring procedures for police officers violated a provision of the Home Rule Charter and Optional Plans Law that prohibited certain ordinances that affected current employees. We held that the hiring ordinance did not violate the Home Rule Charter Law provision be-

---

*McLaughlin v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,*    751 A.2d 714 (Pa.Cmwlth.2000).

cause the ordinance applied only to procedures affecting *prospective* employees and that Section 2962(c)(5) applied to *current* employees. The Brotherhood interprets this to mean that a home rule municipality is authorized to enact legislation that supplements existing legislation as long as the supplemental legislation does not contravene or have an adverse impact on statutory rights. This is simply not what we said in *Fort Pitt*. In *Fort Pitt* we did not find that the Home Rule Charter Law sanctioned the ordinance; we found that it simply did not apply to the ordinance because the ordinance fell outside the scope of the Law. Our decision in *Fort Pitt* has no effect on our holding in *Monroeville* regarding Section 2962(c)(5) and police pensions.

Our recent decision in *Santangelo* is of no more help to the Brotherhood than *Fort Pitt*. The Borough of Norristown adopted the Home Rule Charter and Optional Plan Law by referendum in 1986. Section 503(F) of its charter grants Norristown's mayor the duty and power to "appoint, suspend and remove all department heads and other borough employees and the right to delegate said power to the Municipal Administrator." This power rested with the borough council prior to Norristown's adoption of a charter when it was governed under The Borough Code.[4] *Santangelo* challenged the validity Section 503(F) of Norristown's Charter by com-

plaining that giving the Mayor this power was a departure from the statutory scheme set forth in The Borough Code and, therefore, prohibited by the Home Rule Charter Law provision that says that a municipality may not enact any provision "inconsistent with [a] statute heretofore enacted prior to April 13, 1972 affecting the rights, benefits, or working conditions of any employee of a political subdivision of this Commonwealth." 53 Pa.C.S. § 2962(c)(5). We affirmed the decision of the Court of Common Pleas of Montgomery County that found that giving the mayor that power under Norristown's charter did not violate Section 2962(c)(5).

The Brotherhood characterizes giving the mayor of a home rule borough a power denied by The Borough Code as a contradiction of our holding in *Monroeville*. The Brotherhood, however, ignores the fact that, in electing to be governed pursuant to the Home Rule Charter and Optional Plans Law, Norristown elected *not* to be governed by The Borough Code.[5] The Borough Code is a form of government that is *chosen* by a municipality pursuant to Section 45107 of The Borough Code, 53 P.S. § 45107. Section 45107 provides that "any borough or incorporated town" may elect to be governed by The Borough Code.[6] A man may not serve two masters and an incorporated town, no matter whether it calls itself a borough or by another name

**4.** Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 45109–48501.

**5.** The fact that Norristown is a "Borough" does not mean that it *must* be governed by The "Borough" Code.

**6.** Section 107 states in pertinent part:
Acceptance of act by boroughs and incorporated towns
  Any borough or incorporated town, incorporated or acting under any local or special act of Assembly, may surrender the provisions of its special and local acts in

their entirety, or so far as they are inconsistent with this act, and be governed by the provisions of this act, by presenting a petition to the court of quarter sessions of the county setting forth the desire of such borough or incorporated town to accept the provisions of this act. The petition shall also set forth whether it is the desire of the petitioners to surrender all of the provisions of its special and local acts or to retain such provisions of its special and local acts as are not inconsistent with this act.

may not serve two laws. By choosing to be a home rule municipality Norristown chose to reject The Borough Code and to draft its own charter. Section 503(F) of Norristown's charter is not "inconsistent with" The Borough Code because The Borough Code does not apply to the Borough of Norristown. The Brotherhood's contention that our decision in *Santangelo* is in conflict with *Monroeville* is without merit.

Accordingly, we affirm the order of the court of Common Pleas of Chester County.

## ORDER

AND NOW, this 25th day of April 2002, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.